UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
CARL HALL,

      Petitioner,

  -against-

UNITED STATES OF AMERICA,

      Respondent.
------------------------------------

10-cv-58 (JSR) (HBP)
00-cr-103 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

    Before the Court is Carl Hall's latest petition for post-conviction relief. This Court previously denied Hall's first such application on January 23, 2013, see ECF No. 20, and later denied several subsequent motions as second or successive petitions, see ECF Nos. 29, 34. Hall has now filed another motion challenging his sentence. On October 2, 2018, the Honorable Henry B. Pitman, United States Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that Hall's latest motion again be denied as a successive application under 28 U.S.C. § 2255. ECF No. 37. By Order dated October 19, 2018, this Court extended Hall's time to file objections. Those objections have now been received and will be docketed with this Order. Having reviewed the underlying record de novo, and considered Hall's objections, the Court is in complete agreement with Judge Pitman's thorough analysis and adopts his Report and Recommendation in its entirety.

Hall objects that Judge Pitman erred in treating his motion as one under 28 U.S.C. § 2255, rather than as a motion for a writ of audita querela. The writ of audita querela may lie where no other post-conviction remedy exists and where the absence of such a remedy gives rise to serious constitutional concerns. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). Hall appears to argue that the remedy of audita querela should be available to him because he could not bring a § 2255 motion to challenge his conviction under Booker v. United States, 543 U.S. 220 (2005), as Booker is not retroactive. But as Judge Pitman noted, Hall has already received Booker resentencing and thus could not raise any even arguably meritorious Booker claim, however denominated. See R&R 2-3. Nor may Hall resort to audita querela simply because his claims would all be untimely or procedurally barred if raised under § 2255. Cf. United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.").

Regardless of his choice of caption, Hall plainly seeks to relitigate the same issues he has previously and unsuccessfully raised to challenge his sentence. Judge Pitman therefore properly evaluated his motion as one arising under § 2255. Having done so, it is clear that Hall cannot meet the standard to file a successive

petition without permission from the Court of Appeals. Hall points to no evidence whatsoever that might suggest he is not guilty, see 28 U.S.C § 2255(h)(1), nor has he identified any "new rule of constitutional law" promulgated by the Supreme Court that might invalidate his sentence, see 28 U.S.C. § 2255(h)(2).

For the foregoing reasons, the Court denies Hall's motion. The Court further certifies that any appeal from this Order would not be taken in good faith, as Hall's claim lacks any arguable basis in law or fact, and therefore permission to proceed in forma pauperis is denied. 28 U.S.C. § 1915(a)(3). The Clerk of the Court is directed to close all open entries on both the civil and criminal dockets.

SO ORDERED.

Dated: New York, NY

December 4, 2018

JED S. RAKOFF, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL HALL
    AGAINST    PETITIONER
UNITED STATES OF AMERICA
                       RESPONDENTS

NOVEMBER 22, 2018

10-CIV.58 (JSR)

→ MOTION TO OBJECT TO THE REPORT AND RECOMMENDATION...

→ MOTION TO CONSTRUE MY MOTION AS EXACTLY WHAT IT IS — AN AUDITA QUERELA MOTION...

TO THE HONORABLE JUDGE JED S. RAKOFF

The Pro-Se Petitioner will lodge these objections upon the court record to construe my motion as an Audita Querela or mixture with a second successive pursuant to 28 U.S.C §§ 2244(b), 2255(H) by a prisoner in Federal custody.

The court must take judicial notice of adjudicative facts pursuant to Fed R Evidence Rule 201(c)(2) as to-for my protest to have my writ of Audita Querela addressed upon it's merits!

The demands of the U.S. Constitution as envisaged-envision by this court have moved Federal and State courts to acknowledge that due process requires corrective judicial process in the nature of writ Audita Querela to be available to expunge a void judgment when all other avenues are...

The court may correct an illegal sentence at any time and may correct a sentence that was imposed in an illegal manner under a motion to reduce a sentence after every denied appeal or affirmance or Supreme Court denying review.

The court has a constitutional duty to take action on any-all claims where it might be relevant that the court might lack subject matter jurisdiction. Especially in cases with extraordinary circumstances, criminal histories, over exaggerated PSI issue's.

The Pro-Se petitioner contends and will show why the writ of Audita Querela is available... First, the gatekeeping language in 28 U.S.C § 2255 (H)(2) bars retroactive application of U.S. vs Booker, 543 U.S. 220, 245 (2005), because the holding in Booker did not state a new rule of constitutional law...

Instead, Booker vs U.S. announced a new rule of substantive law based on the fact that defendants under the prior formulation of the law were exposed to greater penalties, as a result of factual findings by judges rather than juries!

The U.S. Supreme Court has previously held that "Rules that allocate decision making authority in this fashion are prototypical procedural rules" See Schriro vs Summerlin (2004)!

U.S. vs Booker announced a new rule of substantive law, therefore the Pro-Se Petitioner could not have invoked it by means of an initial second or successive motion pursuant to Section 2255 (H)(2) and the Teague vs Lane, 489 U.S. 288 (1989), see Schriro vs Summerlin 542 U.S. 348 (2004), Limitations on retroactivity stem from the nature of habeas collateral review and the "broad scope of constitutional issue's cognizable on habeas".

Teague vs Lane, 489 U.S. at 306 (quoting) Mackey vs U.S., 401 U.S. 667, 692 (1971). In contrast to habeas petitions, a writ of Audita Querela can not be used to address a broad scope of constitutional issue's, but yet rather, a writ of Audita Querela "is used to achieve justice in extraordinary situations when other post conviction remedies are unavailable."

Secondly, Schneckloth vs Bustamonte, 412 U.S. 218, 257 (1973), miscarriage of justice. The Pro-Se Petitioner could not have timely invoked Booker in his first Section § 2255 motion, because Booker had not been decided when the petitioner's time to file his first § 2255 motion became final.

THEREFORE, THE PRO-SE LITIGATE EXHAUSTION OF HIS STATUTORY RIGHTS UNDER 28 U.S.C 2255 DOES NOT BAR HIS PETITION FOR WRIT OF AUDITA QUERELA.

PRO-SE PETITIONER ASSERTS THAT, HIS COUNSEL WAS INEFFECTIVE FOR FAILING TO ASK THE DISTRICT TO UNDERTAKE THE REQUISITE 21 U.S.C § 851(B) COLLOQUY, COUNSEL ALSO WAS INEFFECTIVE FOR FAILING TO WITHDRAW THE GUILTY PLEA AS CARL HALL REQUESTED AND ASKED OVER AND OVER, AGAIN AND AGAIN, AS THIS WOULD HAVE PREVENTED AN ENHANCED SENTENCE FOR PRIOR FELONIES, BECAUSE OF COUNSEL I THE LITIGATE WAS DEPRIVED OF VALUABLE IMPORTANT LIFE CHANGING INFORMATION.

A DEFENDANT CAN ESTABLISH PREJUDICE BY SHOWING THAT THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULT OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT, THIS IS A FACT. PLEASE SEE, LAFLER VS COOPER, 132 S.CT AT 1384 (2012) ALSO SEE, HILL VS LOCKHART, 474 U.S. 52, 58, 106 S. CT. 366, 88 L. ED. 2D 203 (1985) SEE ALSO, MISSOURI VS FRYE AT 1408 (2012) UNDER MISSOURI VS FRYE CARL HALL CAN DEMONSTRATE THAT HE WOULD HAVE ACCEPTED THE EARLIER PLEA OFFER.

THE PETITIONER CAN SHOW TRULY EXTRAORDINARY CIRCUMSTANCES AND EQUITIES, THE PETITIONER HAD NO CONSTITUTIONALLY SUFFICIENT PRETRIAL NOTICE OF PREVIOUS CONVICTIONS THROUGH INFORMATION FILED PRIOR AND THE RECORD REFLECTS THAT THE GOVERNMENT DID NOT SAY ANYTHING ABOUT ENHANCEMENTS, OR FILED ANY WRITTEN INFORMATION DETAILING PRIOR CONVICTIONS THAT IT INTENDED TO USE OR RELY UPON IN SEEKING A SPECIFIC SENTENCE AS REQUIRED BY 21 U.S.C § 851(A)(1).

THE GOVERNMENT'S NONCOMPLIANCE WITH THE STATUTORY REQUIREMENTS OF 21 U.S.C § 851(A)(1) OR ANY PRIOR WARNINGS, UNIQUELY IMPACTED THE PETITIONER, WHO SENTENCE WAS AGGRAVATED BALLOONED BY PREVIOUS PRIOR CONVICTIONS THAT THE GOVERNMENT WAS PRECLUDED FROM ESTABLISHING. BLOW vs U.S., 829 F.3D 170 (2ND CIR 2016).

THE PETITIONER ARGUES THAT THE DISTRICT COURT IMPROPERLY COMPUTED HIS OFFENSE LEVEL BASED ON MURDERS RATHER THAN CONSPIRACY, WHICH THE GOVERNMENT THEN HAS TO ESTABLISH MITIGATING ROLES, POSSESSING QUANTITY vs INTENT TO DISTRIBUTE, LEVEL 44 vs LEVEL 38, REAL OFFENSE vs CHARGED OFFENSE, ETC... ALL IS TO-FOR THE PETITIONER BENEFIT!

Wherefore, Re-Sentencing is Necessary to Remedy the Unwarranted Sentencing Disparity that 18 U.S.C. § 3553(a)(6) Instructs District Courts to avoid... Kimbrough vs U.S., 128 S.Ct. 558, 574, 169 L.Ed. 2d 481 (12-10-2007) (Noting that Section 3553(a)(6) directs districts court to consider the need to avoid unwarranted disparities, along with other § 3553(a) factors, when imposing sentences)!

See Giaccio vs Pennsylvania, 382 U.S. 399, 403 (1966) ("Implicit in Due Process is the premise that the law must be one that carries an understandable meaning with legal standards that courts must enforce").

See Gall vs U.S., 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed. 2d 445 (2007)... Stoddard vs U.S., U.S. Court of Appeals for the District of Columbia Circuit, 2018 U.S. App. Lexis 16110, 2018 WL 2993190... Johnson vs U.S., 135 S.Ct. 2551, 192 L.Ed. 2d 569 (2015) which the Supreme Court invalidated the ACCA and Career Offender Residual Clause as unconstitutionally vague... Welch vs U.S., 136 S.Ct. 1257, 194 L.Ed 2d 387 (2016), the Supreme Court held the Johnson Rule applies retroactively...

WHICH BRINGS THE PRO-SE PETITIONER TO SEE AN ERROR WHERE THE GOVERNMENT RELIED ON PREVIOUS 1992 CONVICTION FOR ATTEMPTED CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE (3RD DEGREE) AND PREVIOUS 1996 CONVICTION FOR CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE (3RD DEGREE). WHICH IS A FUNDAMENTAL DEFECT THAT CONSTITUTES A MISCARRIAGE OF JUSTICE, BECAUSE I CARL HALL HAD NO CONSTITUTIONALLY SUFFICIENT NOTICE OF THOSE 2 PREVIOUS CONVICTIONS BEING USED IN SEEKING A SPECIFIC SENTENCE, BY OR THROUGH INFORMATION FILED PRIOR TO TRIAL OR A PLEA.

SEE TOWNSEND VS U.S., THE U.S. COURT OF APPEALS FOR THE SECOND CIRCUIT, 2018 U.S. APP. LEXIS 20345, 2018 WL 3520251, #17-757 ON HOW TO DEFINE "CONTROLLED SUBSTANCE" IN §4B1.2(B)... HARBIN VS SESSIONS, 860 F.3D 58, 61 (2ND CIRCUIT) NYPL SECTION 220.31 IS DIVISIBLE STATUTE... JONES VS U.S., 878 F.3D 10, 16 (2ND CIRCUIT 2017) IF THE STATE STATUTE CRIMINALIZES SOME CONDUCT THAT IS NOT CRIMINALIZED UNDER THE ANALOGUS FEDERAL LAW, THE STATE CONVICTION CAN NOT IN ANY WAY SUPPORT AN INCREASE IN THE BASE OFFENSE LEVEL... UNDER §2K2.1(A) LITIGANT PRIOR CONVICTIONS CAN NOT BE PREDICATE OFFENSES.

In light of Descamps vs U.S., 570 U.S. 254 133 S.Ct. 2276, 186 L.Ed. 2d 438, Supreme Court of the United States, Carl Hall the Petitioner criminal possession of a weapon in the 3rd degree no longer qualifies as a crime of violence, and I Carl Hall am now serving an erroneous career offender sentence that violates the laws of the United States of America! Judges - people who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard.

Therefore, with added 1991 conviction for Assault with Intent to Cause Serious Injury with a Weapon, causes a fundamental defect that constitutes a miscarriage of justice, because the government failed to file a notice, written information detailing those four prior convictions that they intended to rely upon in seeking a higher enhanced sentence, as required by 21 U.S.C § 851(a)(i)! See Wheeler vs U.S., 2018 U.S. App. Lexis 15753, 2018 WL 2947929, U.S. Court of Appeals for the Fourth Circuit.

PRO-SE PETITIONER RECEIVED 10 POINTS FROM THOSE FOUR PRIOR CONVICTIONS THAT THE PROBATION OFFICE WAS PRECLUDED FROM CALCULATING INTO PRO-SE LITIGANT GUIDELINES DUE TO NON COMPLIANCE WITH 21 U.S.C § 851 (A)(1).

WHICH MAKES THE WRIT OF AUDITA QUERELA AVAILABLE IN THIS COURT TO REACH MATTERS THAT ARE EXTRAORDINARY IN THIS SITUATION INVOLVED HERE. TO NOT STEP IN AND GRANT THE PETITIONER A RE-SENTENCING WOULD BE UNJUST INJUSTICE!

SEE MORGAN VS U.S., 346 U.S. 502, 511 ORDER SUPREME COURT OF THE UNITED STATES... SEE HAYMAN VS U.S., 342 U.S. 205, 219 STATES NOWHERE IN THE HISTORY OF SECTION 2255 DO WE FIND ANY PURPOSE TO IMPINGE UPON PRISONERS RIGHTS OF COLLATERAL ATTACK UPON THEIR CONVICTIONS, "WE KNOW NOTHING IN THE LEGISLATIVE HISTORY THAT INDICATES A DIFFERENT CONCLUSION", WE DO NOT THINK THAT THE ENACTMENT OF § 2255 IS A BAR TO THIS MOTION, AND WE HOLD THAT THE DISTRICT COURT HAS POWER TO GRANT SUCH A MOTION... SURELY THIS APPLIES TO CARL HALL, THE PETITIONER'S MOTION!

The writ of Audita Querela is available for Carl Hall because Booker vs U.S., announced a new rule of constitutional law that was unforeseeable at the time of his sentencing in 2002, appeals and habeas petitions. See Kessack vs U.S., 2008 U.S. Dist. Lexis 7739, #C05-1828Z (2008), See Petty vs U.S., 992 F.2D 887 (1993) Also 80 F.3D 1384 (1996) sentence reversed and got sentenced based on lower quantity of drugs. Petitioner has a drug quantity issue!

See Cross vs U.S., 892 F.3D 288, 2018 U.S. App. Lexis 15397, U.S. Court of Appeals for the Seventh Circuit... Olmeda vs U.S., 2018 U.S. App. Lexis 16956, U.S. Court of Appeals for Second Circuit... Griffith vs U.S., 871 F.3D 1321, 2017 U.S. App. Lexis 18570, 2017 U.S. Court of Appeals for the Eleventh Circuit... Petitioner is entitled to an opportunity to carry his burden of proving the quantity existence of those facts and or role in this case...

In closing, your Honor, for all these facts and factual cases, I respectfully pray and recommend that Carl Hall motion for relief be granted → Please!

RELIEF SOUGHT:

For Pro-Se Petitioner Carl Hall to have the Court grant this motion to be heard on it's merits as a Writ of Audita Querela, and take judicial notice of the case law of this Circuit on construing a motion... Wherefore, the District Court Judge can Re-Sentence Carl Hall to original 188-235 months!!!

# Certificate of Service
## Every Word is True

I Carl Hall #44729-054 at ADX-MAX certify truthful that this motion under the All Writs Act was given to CCC Brenda Torres on the November 22, 2018 with full postage stamps to be mailed out with copies to:

1) United States District Court
   Chambers of: Judge Jed S. Rakoff
   United States District Judge
   500 Pearl Street
   New York, New York  10007

2) Pro-Se Office (S.D.N.Y)
   U.S. Courthouse
   500 Pearl Street
   New York, New York  10007

Carl Hall